**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO:  17-133** |
| **KEVIN ANTHONY WASHINGTON** | **SECTION: "S" (2)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that defendant's **Motion for Early Termination of Supervised Release** (Rec. Doc. 4) is **GRANTED**, and defendant's term of supervised release is hereby terminated.

**BACKGROUND**

Defendant is currently under supervision in this court in connection with his conviction upon a plea of guilty in the Southern District of Alabama for possession with intent to distribute cocaine base (crack cocaine). On October 23, 2007, the Alabama court sentenced defendant to 200 months imprisonment and imposed a ten-year term of supervised release. Following the grant of defendant's two motions to reduce sentence under 18 U.S.C. 3582 based on the retroactive application of Sentencing Guidelines to crack cocaine offenses, defendant's sentence was reduced first to 160 months and then to 128 months.

Defendant was released from prison on April 1, 2014. In July 2017, jurisdiction over defendant's supervised release was transferred to the Eastern District of Louisiana to facilitate defendant's working as a welder in the Southern District of Mississippi while living in the Eastern District of Louisiana.

Defendant has now moved for early termination of supervised release, stating that he has been on supervised release for over six years and has maintained good conduct; that he has been gainfully employed at JEM LLC since November 2014, where he started as pipe welder, has received three raises, and been promoted to a supervisory position and now trains other welders; and that his inability to work for his employer on secured government bases creates an employment hardship. He also emphasizes that he is married and raising his blended family under one roof in Slidell, Louisiana.

The Assistant United States Attorney in the Southern District of Alabama does not oppose the motion; however, the Assistant United States Attorney for the Eastern District has filed an opposition. The defendant's probation officer has informed that court that she also does not oppose the motion under the circumstances present in this case.

## DISCUSSION

Under title 18, section 3583(e)(1) of the United States Code, a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Those factors include the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. 18 U.S.C. § 3553(a).

The court has considered the applicable factors, and finds that termination of supervised

release is warranted by the conduct of the defendant and the interest of justice. Defendant's offense is undoubtedly serious. However, since his release, he has not only maintained but thrived in his current employment, where his employer reports that defendant is an excellent worker, and a team leader who goes "above and beyond" in the workplace. The defendant also has committed no probation violations in his six years on supervised release, and had no positive drug tests. Taken together, these facts convince the court that continued supervision will provide no additional deterrence of criminal activity or protection to the public. Moreover, in consultation with defendant's probation officer, who in turn has reached out to defendant's employer, the court has learned that defendant's probation status is a real impediment to his working on certain federal properties and bases. The court finds this presents an undue hardship that further establishes that the interest of justice weighs in favor of early termination. Accordingly,

   **IT IS HEREBY ORDERED** that defendant's **Motion for Early Termination of Supervised Release** (Rec. Doc. 4) is **GRANTED**, and defendant's term of supervised release is hereby terminated.

   New Orleans, Louisiana, this  14th  day of September, 2020.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**